**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS ESPARZA, | ) | CASE NO. CV 09-04184 SJO (RZ) |
|              Petitioner, | ) ) | ORDER TO SHOW CAUSE |
|     vs. | ) ) | RE TIMELINESS |
| F.B. HAWS, Warden, | ) ) | |
|              Respondent. | ) ) | |

        The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

1    The time spent in state court pursuing collateral relief in a timely manner is
2 excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is
3 subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).
4    The current petition was filed on June 11, 2009. From the face of the petition
5 and from judicially-noticeable materials, the Court discerns that –

   (a)   On March 7, 2005, pursuant to a plea agreement, Petitioner entered a *nolo contendere* plea in Los Angeles County Superior Court to numerous crimes, including attempted murder, plus certain weapons enhancements. He received a state prison sentence of 34 years. Pet. ¶ 2; *see People v. Esparza*, No. B183410, 2006 WL 122115 (Cal. Ct. App. 2d Dist. 2006).

   (b)   Petitioner appealed. The California Court of Appeal affirmed on January 18, 2006. *Id*. Petitioner sought neither further direct review in the California Supreme Court, *see* Pet. ¶ 4, nor *certiorari* in the United States Supreme Court.

   (c)   Petitioner's conviction therefore became final on February 27, 2006, 40 days after the filing of the California Court of Appeal's decision. (The 40 days consists of 30 days for the appellate decision itself to become final, *see* CAL. R. CT. 8.264(b), plus 10 days thereafter for Petitioner to have petitioned for further direct review in the California Supreme Court. *See* CAL. R. CT. 8.500(e)(1).) Petitioner's 365-day limitations period for the present action started on that date.

   (d)   Over 15 months passed. On June 13, 2007, Petitioner began a series of state habeas petitions in rapid succession. The California Supreme Court denied his final habeas petition on July 9, 2008.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It appears that Petitioner's AEDPA period expired after February 27, 2007, one year after his conviction

became final.  Petitioner's commencement of state-habeas challenges several months thereafter did not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED:   June 16, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE